CIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

ROVER PIPELINE, LLC;
ENERGY TRANSFER LP,

    Plaintiffs,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, *et al.*,

    Defendants.

Civil Action No. 3:22-cv-00232-S

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE AND MEMORANDUM IN SUPPORT OF MOTION TO STAY LITIGATION**

## TABLE OF CONTENTS

I. Introduction ..................................................................................................... 1

II. Background ..................................................................................................... 1

    A. Statutory and Regulatory Background ............................................... 1

    B. Factual Background .............................................................................. 5

    C. Procedural Background ........................................................................ 6

III. Argument and Authorities ............................................................................. 7

    A. The Court Should Stay Proceedings Pending the Supreme Court's Decision in *Axon Enterprise*. ................................................................ 7

        1. The Supreme Court's Decision in *Axon Enterprise* Will Likely Resolve a Threshold Jurisdictional Issue in This Case. .......... 8

        2. A Stay Will Conserve Judicial Resources Without Prejudicing Plaintiffs. ................................................................................... 10

    B. The Court Should Deny Plaintiffs' Premature Motion to Expedite Briefing. ................................................................................................ 12

IV. Conclusion ..................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Axon Enterprise, Inc. v. Federal Trade Comm'n*,
   142 S. Ct. 895 (2022) ........................................................................................... 1, 9

*Bilberry v. JPMorgan Chase Bank, N.A.*,
   No. 1:20-CV-470-RP, 2021 WL 536440 (W.D. Tex. Jan. 13, 2021) ................. 8, 10, 11

*Coker v. Select Energy Servs., LLC*,
   161 F. Supp. 3d 492 (S.D. Tex. 2015) ..................................................................... 8, 10

*Dwyer v. USAA Sav. Bank*,
   No. SA-17-CA-252-FB, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017) ..................... 10

*Energy Transfer Partners, L.P. v. FERC*,
   567 F.3d 134 (5th Cir. 2009) .......................................................................... 4, 5, 9, 10

*Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*,
   968 F.3d 357 (5th Cir. 2020) ..................................................................................... 12

*Greco v. Nat'l Football League*,
   116 F. Supp. 3d 744 (N.D. Tex. 2015) ......................................................................... 7

*Jarkesy v. SEC*,
   803 F.3d 9 (D.C. Cir. 2015) .......................................................................................... 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................. 7, 12

*Miss. River Transp. Corp. v. FERC*,
   969 F.2d 1215 (D.C. Cir. 1992) ................................................................................... 1

*Myers v. Nat'l Tenant Network, Inc.*,
   No. 5:14-CV-01072-RCL, 2015 WL 13797805 (W.D. Tex. Nov. 4, 2015) ................... 8

*Order Authorizing Secretary to Issue Staff's Preliminary Notice of Violations*,
   129 FERC ¶ 61,247 (2009) .......................................................................................... 3

*Rezko v. XBiotech Inc.*,
   No. 1:17-cv-734-SS, 2017 WL 4544683 (W.D. Tex. Oct. 6, 2017) ............................ 10

*Rover Pipeline, LLC and Energy Transfer Partners, L.P.*,
   178 FERC ¶ 61,028 (2022) .......................................................................................... 5

*Rover Pipeline, LLC, and Energy Transfer Partners, L.P.*,
  174 FERC ¶ 61,208 (2021) ..................................................................................5

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
  685 F.3d 486 (5th Cir. 2012) ..............................................................................12

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ..............................................................................................12

*Total Gas & Power N.A., Inc. v. FERC*,
  859 F.3d 325 (5th Cir. 2017) .........................................................................passim

*Trinity Indus., Inc. v. 188 L.L.C.*,
  No. CIV. 3:02-CV-405-H, 2002 WL 1315743 (N.D. Tex. June 13, 2002) ..........7

*United States v. W. Elec. Co.*,
  46 F.3d 1198 (D.C. Cir. 1995) ............................................................................12

*Ex parte McCardle*,
  7 Wall. 506 (1868) ..............................................................................................12

**STATUTES**

15 U.S.C. § 45 ..............................................................................................................9

15 U.S.C. § 717m(a) ....................................................................................................2

15 U.S.C. § 717r(a) ......................................................................................................4

15 U.S.C. § 717r(b) ......................................................................................................4

15 U.S.C. § 717t-1(a) ...................................................................................................2

15 U.S.C. § 717 ............................................................................................................1

Pub. L. No. 109-58 ......................................................................................................1

**RULES**

Fed. R. Civ. P. 5(b)(2) ................................................................................................14

Fed. R. Civ. P. 12 .........................................................................................................6

Fed. R. Civ. P. 12(a)(2) ..............................................................................................12

Fed. R. Civ. P. 57 .......................................................................................................12

## REGULATIONS

18 C.F.R. § 1b.19 ........................................................................................................... 3, 5

18 C.F.R. § 1b.3 ................................................................................................................. 2

18 C.F.R. § 385.102(e)(1) ................................................................................................. 4

18 C.F.R. § 385.213(a)(1) ................................................................................................. 3

18 C.F.R. § 385.713 .......................................................................................................... 4

Federal Energy Regulatory Commission, Process for Assessing Civil Penalties,
    117 FERC ¶ 61,317 ................................................................................................ 3, 4

Federal Energy Regulatory Commission, Revised Policy Statement on Enforcement,
    123 FERC ¶ 61,156 ................................................................................................... 2

## I. Introduction

Defendants respectfully request that the Court deny Plaintiffs' Motion to Expedite Resolution of Count One of Plaintiffs' Declaratory Judgment Action Through Accelerated Briefing on Summary Judgment (Pls.' Mot.) (Feb. 14. 2022), ECF No. 17, and that the Court instead stay litigation until the Supreme Court has issued its decision in *Axon Enterprise, Inc. v. Federal Trade Commission*, *cert. granted in part*, 142 S. Ct. 895 (2022), No. 21-86. The question on which the Supreme Court granted certiorari in *Axon Enterprise* may control whether this Court has jurisdiction to hear Plaintiffs' constitutional challenges. Staying litigation pending the Supreme Court's decision in *Axon Enterprise* will therefore prevent wasteful expenditure of judicial and party resources. Neither the normal course of litigation nor a stay will unduly prejudice Plaintiffs, who must submit to some form of a Federal Energy Regulatory Commission ("FERC") proceeding even under their own interpretation of the statutory scheme.

## II. Background

### A. Statutory and Regulatory Background

FERC is an independent agency that regulates, among other things, the transportation and sale of natural gas in interstate commerce. *See Miss. River Transp. Corp. v. FERC*, 969 F.2d 1215, 1216 (D.C. Cir. 1992). FERC administers, among other statutes, the Natural Gas Act (NGA), 15 U.S.C. §§ 717, *et seq*. In 2005, Congress enacted the Energy Policy Act of 2005, Pub. L. No. 109-58, empowering FERC, "after notice and opportunity for public hearing," to assess civil penalties of up to $1 million per day per violation for violations of the NGA "or any rule, regulation, restriction, condition, or order

made or imposed by the Commission under authority of" the NGA. 15 U.S.C. § 717t-1(a)–(b); *see also Total Gas & Power N.A., Inc. v. FERC*, 859 F.3d 325, 328 (5th Cir. 2017).

"The Commission may investigate any facts, conditions, practices, or matters which it may find necessary or proper in order to determine whether any person has violated or is about to violate any provisions of [the Natural Gas Act] or any rule, regulation, or order thereunder . . . ." 15 U.S.C. § 717m(a); *see also* 18 C.F.R. § 1b.3. The Commission's Office of Enforcement ("Enforcement staff") is "in charge of investigating alleged violations," and "reviews referrals and tips of potential NGA violations by natural gas companies and market participants to determine whether there is a substantial basis for opening an investigation." *Total Gas*, 859 F.3d at 329. If Enforcement staff reaches the conclusion that a violation of the Natural Gas Act occurred and warrants sanctions, Enforcement "staff shares with the subject of the investigation its views, including both the relevant facts and legal theories." *See* Federal Energy Regulatory Commission, Revised Policy Statement on Enforcement, 123 FERC ¶ 61,156, at P 32 (2008) ("Revised Policy Statement on Enforcement").[1] Enforcement staff provides the investigative subject with its preliminary findings, which include a detailed description of its factual and legal conclusions. "At [that] time, the subject has an opportunity to respond and to furnish any additional information it may deem to be helpful." *Id*. "If the subject's response to staff's presentation of its case does not persuade staff to close the investigation, staff requests settlement authority from the Commission." *Id*. at P 34. In addition, the head of the Office

---

[1] "P" refers to paragraph numbers in Commission orders.

**Defendants' Opposition to Plaintiffs' Motion to Expedite
and Memorandum in Support of Motion to Stay – Page 2**

of Enforcement directs the Commission's Secretary to issue a public Notice of Alleged Violations. *See* Order Authorizing Secretary to Issue Staff's Preliminary Notice of Violations, 129 FERC ¶ 61,247 (2009).

"If Enforcement staff and the subject of the investigation are unable to reach a settlement, staff may recommend that the Commission initiate enforcement proceedings." Revised Policy Statement on Enforcement at P 35 (footnote omitted). Enforcement staff then informs the subject of its right to submit its own statement to the Commission, sending what is called a § 1b.19 notice. *Id.* at P 35 & n.24; *see* 18 C.F.R. § 1b.19 ("Within 30 days of such notice, the entity may submit to the Investigating Officer a non-public response, which may consist of a statement of fact, argument, and/or memorandum of law, with such supporting documentation as the entity chooses, showing why a proceeding . . . should not be instituted against said entity.").

If the response to the § 1b.19 notice does not persuade Enforcement staff to terminate the investigation, Enforcement staff sends the Commission the § 1b.19 notice, the subject's response, and a staff report recommending that the Commission issue an order to show cause. Revised Policy Statement on Enforcement at P 35. The Commission then determines whether to issue such an order. *Id.* at P 36. The order provides notice of the proposed penalty and the material facts constituting the alleged violation. *See* Statement of Administrative Policy Regarding the Process for Assessing Civil Penalties, 117 FERC ¶ 61,317 at P 7 (2006).

After the Commission issues an order to show cause, the respondent is obligated to file an answer. *See* 18 C.F.R. § 385.213(a)(1). If the respondent contests the alleged

**Defendants' Opposition to Plaintiffs' Motion to Expedite
and Memorandum in Support of Motion to Stay – Page 3**

violation and proposed penalty, the Commission will either determine that summary disposition is appropriate and issue an order assessing a penalty, or set the matter for hearing—either on paper or, under Part 385 of the Commission's regulations, before a "presiding officer" who may be one or more members of the Commission or an administrative law judge. 117 FERC ¶ 61,317 at P 7; 18 C.F.R. § 385.102(e)(1); *see generally id.* §§ 385.101, *et seq.* (Part 385). If the Commission sets the matter for a hearing before a presiding officer, after the hearing, "the presiding officer will prepare an initial written decision." *Id.* § 385.708(b)(1). "Any initial decision . . . will be certified to the Commission by the presiding officer with a copy of the record in the proceeding." *Id.* § 385.708(b)(3). "Any participant may file with the Commission exceptions to the initial decision in a brief on exceptions not later than 30 days after service of the initial decision." *Id.* § 385.711(a)(1)(i). The Commission will then review the initial decision and any exceptions, and issue its own order regarding the matter. *Id.* §§ 385.712, 385.713(a)(2)(i); 117 FERC ¶ 61,317 at P 7; *see generally Total Gas*, 859 F.3d at 328–30 (describing enforcement procedures); *Energy Transfer Partners, L.P. v. FERC*, 567 F.3d 134, 136–37 (5th Cir. 2009).

Following the entry of that order, any party aggrieved by it may seek rehearing before the Commission. *See* 15 U.S.C. § 717r(a); 18 C.F.R. § 385.713. If the Commission denies rehearing, any person aggrieved by the Commission's order "may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia." 15 U.S.C. § 717r(b).

"Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part." *Id.*

### B.    Factual Background

In November 2016, Enforcement staff began investigating Plaintiffs for their removal of a historical farmhouse in relation to Plaintiffs' operation of the Rover Pipeline, a natural gas pipeline, in potential violation of the Natural Gas Act (NGA) and regulations promulgated thereunder. In April 2018, Enforcement staff sent Plaintiffs a § 1b.19 notice indicating that Enforcement staff intended to recommend that the Commission issue an order to show cause. The Commission issued an order to show cause on March 18, 2021. ECF No. 17-1 at 5 (Order To Show Cause and Notice Of Proposed Penalty, Rover Pipeline, LLC, and Energy Transfer Partners, L.P., 174 FERC ¶ 61,208 (2021)).

Plaintiffs filed their Answer and Denial on June 21, 2021. *Id.* at 103 (Answer and Denial to Order to Show Cause and Notice of Proposed Penalty, Rover Pipeline, LLC and Energy Transfer Partners, L.P., FERC Dkt. IN19-4-000 (June 21, 2021)). On January 20, 2022, the Commission set the matter for a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 651 (Order Establishing Hearing, Rover Pipeline, LLC and Energy Transfer Partners, L.P., 178 FERC ¶ 61,028 (2022)). The presiding ALJ calendared the hearing for September 6, 2022. *Id.* at 712. On February 1, 2022, Plaintiffs moved to stay the ALJ proceedings pending the instant district court litigation. ECF No. 17-1 at 709. The Commission denied Plaintiffs' motion. *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Expedite Resolution of Count One of Plaintiffs'

Declaratory Judgment Action Through Accelerated Briefing on Summary Judgment (Pls.' Mem.) (Feb. 14, 2022), ECF No. 17 at 1.

### C. Procedural Background

On February 1, 2022—the same day Plaintiffs filed their stay in the FERC proceedings—Plaintiffs commenced this declaratory judgment action against defendants seeking a judgment that (1) "FERC must litigate Plaintiffs' alleged NGA violations in federal district court" and that (2) Plaintiffs' conduct did not violate the NGA or FERC's regulations thereunder. Compl. ¶¶ 24, 26. In regard to their first request, Plaintiffs specifically allege that FERC lacks statutory authority to adjudicate violations of the NGA; that FERC proceedings violate Article III, the Fifth Amendment, and the Sixth Amendment by denying Plaintiffs their right to an impartial judicial tribunal, due process protections, and a trial by jury; that FERC proceedings violate the Appointments Clause and separation of powers because FERC ALJs are executive officers not appointed by the full Commission and overly protected from removal by the President; and that FERC proceedings violate the Administrative Procedure Act's bar on *ex parte* communications. *Id.* ¶ 24.

Plaintiffs served the Complaint on the U.S. Attorney for the Northern District of Texas on February 1, 2022. Pursuant to Fed. R. Civ. P. 12, the United States then has 60 days from February 1, 2022, to respond to the Complaint. On February 14, 2022, however, Plaintiffs filed this Motion to Expedite seeking to expedite summary judgment on their constitutional claims. *See* Pls.' Mot. at 1. Relatedly, Plaintiffs also seek to stay Defendants' obligation to respond to the administrative complaint pending disposition of the constitutional claims. Pls.' Mem. at 13.

### III. Argument and Authorities

This Court should deny Plaintiffs' motion to expedite and instead stay the litigation pending the Supreme Court's decision in *Axon Enterprise*, which is pending before the Court this term.

### A. The Court Should Stay Proceedings Pending the Supreme Court's Decision in *Axon Enterprise*.

"This Court has the power to stay proceedings pending appeal, as 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court may stay a case pending appeal in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A stay pending appeal is appropriate even if the appeal will "not settle every question of fact and law." *Id.* at 254. Rather, all that is required is a finding that a decision in the appealed case would present substantially similar issues. *Id.*

This Court and other courts within this circuit routinely exercise their discretion to stay district court proceedings to promote judicial economy a case pending before a higher court will affect those proceedings. *See, e.g.*, *Greco*, 116 F. Supp. 3d at 761 (granting stay pending resolution of a Fifth Circuit case because "the interests of the parties, and appropriate conservation of judicial resources, weigh in favor of granting a stay" where "[t]he issues [on appeal] will very likely bear on this case"); *Trinity Indus., Inc. v. 188 L.L.C.*, No. CIV. 3:02-CV-405-H, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002)

(granting stay in the interest of "efficiently manag[ing] [the court's] docket"); *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (granting stay pending the outcome of Supreme Court decision "given the likelihood that the Supreme Court's decision . . . will affect the instant case, the lack of undue prejudice to Bilberry, and the interests of judicial economy and consistency served by a stay"); *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 493 (S.D. Tex. 2015) (granting stay pending Supreme Court decision to "avoid expending unnecessary judicial resources" where the pending decision "would simplify and resolve threshold issues relating to this Court's jurisdiction to consider [plaintiff's] claims"); *Myers v. Nat'l Tenant Network, Inc.*, No. 5:14-CV-01072-RCL, 2015 WL 13797805, at *3 (W.D. Tex. Nov. 4, 2015) (granting stay where suit is "squarely within the question currently before the Supreme Court in *Spokeo*[*, Inc. v. Robins*]"). The same such considerations justify the requested stay here.

> 1. **The Supreme Court's Decision in *Axon Enterprise* Will Likely Resolve a Threshold Jurisdictional Issue in This Case.**

The Supreme Court's resolution of the question in *Axon Enterprise* will in all likelihood "simplify the issues" before this Court by helping determine whether this Court has jurisdiction to hear Plaintiffs' claims. *Bilberry*, 2021 WL 536440, at *2. The Supreme Court granted certiorari in *Axon Enterprise* on a single question:

> Whether Congress impliedly stripped federal district courts of jurisdiction over constitutional challenges to the Federal Trade Commission's structure, procedures, and existence by granting the courts of appeals jurisdiction to "affirm, enforce, modify, or set aside" the Commission's cease-and-desist orders.

Brief for Petitioner at i, *Axon Enterprise, Inc. v. Federal Trade Comm'n*, 142 S. Ct. 895 (July 20, 2021), 2021 WL 3127635, at *i; *see also Axon Enterprise, Inc. v. Federal Trade Comm'n*, *cert. granted in part*, 142 S. Ct. 895 (2022), No. 21-86.[2] Should the Supreme Court affirm the Ninth Circuit's decision that the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, implicitly strips district courts of jurisdiction over constitutional challenges to the FTC's structure, the same analysis will likely apply to the substantially similar statutory scheme under the NGA. Thus, the Supreme Court's decision may control—or at minimum substantially affect—whether this Court may hear Plaintiffs' constitutional challenges to the FERC's structure. *See* Compl. ¶ 24.[3]

Plaintiffs themselves recognize that the Supreme Court's resolution of the question in *Axon Enterprise* may bear on their claims in two possible ways. In Plaintiffs' motion in the underlying FERC proceeding to stay that proceeding pending the instant litigation, Plaintiffs explained that "[a] favorable decision by the Supreme Court in *Axon Enterprise* would very likely resolve" both whether the district court has jurisdiction to hear Plaintiffs'

---

[2] Because petitioners sought an extension to file their briefs, the Supreme Court is set to decide *Axon Enterprise* during the next term. *See Axon Enterprise, Inc.*, No. 21-86 (U.S. Feb. 22, 2022).

[3] Notably, the Fifth Circuit's recent decision in *Cochran v. Securities and Exchange Commission* addresses the same issue in the context of the Securities Exchange Commission: "The question presented is whether a provision of the Securities Exchange Act of 1934 . . . implicitly strips federal district courts of subject-matter jurisdiction to hear structural constitutional claims." 20 F.4th 194, 197 (5th Cir. 2021) (en banc); *see also id.* at 207 (defining a "structural" claim as a challenge to the "statutory-review scheme itself" rather than "depend[ant] on the validity of any substantive aspect of the" statute). *Cochran*, however, determined that Congress had *not* implicitly stripped district courts of jurisdiction to hear the plaintiffs' "structural" constitutional challenge—creating a definitive circuit split. *See id.* at 212; *see also id.* at 237 (Costa, J., dissenting) ("Five circuits have considered the question. By a count of 15-0, every judge deciding those cases has answered that the 'securities laws' scheme of Commission adjudication and ensuing judicial review' in an appellate court divests district courts of jurisdiction in the 'mine-run of cases.'" (quoting *Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015) (Srinivasan, J., joined by Judges Kavanaugh and Randolph))).

**Defendants' Opposition to Plaintiffs' Motion to Expedite
and Memorandum in Support of Motion to Stay – Page 9**

claims and whether Plaintiffs' claims are ripe for adjudication. ECF No. 17-1 at 711 n.7. With regard to ripeness, Plaintiffs note that the Fifth Circuit's panel decision in *Total Gas and Power North America v. FERC* affirmed dismissal of the plaintiffs' claims on ripeness grounds based on an NGA provision similar to the FTC Act provision in *Axon Enterprise*. *See* 859 F.3d at 335; *see also Energy Transfer Partners*, 567 F.3d at 141–44 (holding that challenge to a Commission order was not ripe for review); *but see Cochran*, 20 F.4th at 212–13 (distinguishing *Total Gas* and *Energy Transfer Partners* with regard to ripeness). Thus, the parties agree that the Supreme Court's resolution of the question in *Axon Enterprise* will likely help resolve a threshold jurisdictional question in this case.

### 2. A Stay Will Conserve Judicial Resources Without Prejudicing Plaintiffs.

It makes little sense for this case to move forward while the Supreme Court considers one of the threshold jurisdictional questions presented here. *Cf. Coker*, 161 F. Supp. 3d at 493 (granting stay pending Supreme Court decision that "would simplify and resolve threshold issues relating to this Court's jurisdiction"); *Rezko v. XBiotech Inc.*, No. 1:17-cv-734-SS, 2017 WL 4544683, at *1 (W.D. Tex. Oct. 6, 2017) (granting stay because Supreme Court decision was "likely to clarify and resolve the parties' jurisdiction dispute"). A stay would "conserve litigation costs for the parties by potentially avoiding needless motion practice, if not a trial and appeal, before the Supreme Court clarifies the applicable law." *Bilberry*, 2021 WL 536440, at *2. This is especially true given that the case is still "in its infancy." *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *2 (W.D. Tex. Nov. 21, 2017) (granting stay and noting "that this case is in its

infancy and no Scheduling Order has been entered or trial date set"); *Bilberry*, 2021 WL 536440, at *2 (entering stay where "case is not nearing the end stages").

Plaintiffs will not be unduly prejudiced by a stay. Plaintiffs argue that "if th[e] [FERC] proceeding is permitted to conclude before the Court's disposition of" Plaintiffs' constitutional claims, "the parties risk having wasted those resources on a proceeding that would be declared unlawful after the fact if Plaintiffs are correct on the law." Pls.' Mem. at 11. But the same is true of proceeding in this Court despite the Supreme Court's pending decision—if this litigation is permitted to continue, the parties and the Court risk wasting resources on questions that the Supreme Court may soon resolve. Regardless, Plaintiffs offer "only speculation to the effect that, if [their] interpretation of the statute prevailed, FERC would significantly 'abbreviate[]' the proceedings." *Total Gas*, 859 F.3d at 338. Plaintiffs do not argue that FERC has no authority to conduct *any* proceeding. Rather, Plaintiffs allow that "FERC may hold 'hearings' before either its ALJs or the full Commission" under its authority "to investigate possible violations of its core statutes before initiating enforcement proceedings in federal district court." Compl. ¶ 48. Thus, even Plaintiffs' own interpretation of the statutory scheme subjects them to a hearing before an ALJ. *See Total Gas*, 859 F.3d at 338 (holding that plaintiff failed to show hardship because even under its "proposed interpretation of the NGA, Total would be forced to undergo some burden and expense in FERC proceedings prior to any proceedings in district court"). Accordingly, this Court should stay proceedings pending the Supreme Court's resolution of *Axon Enterprise*.

### B. The Court Should Deny Plaintiffs' Premature Motion to Expedite Briefing.

This Court's inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" also extends to controlling briefing schedules both as a general matter, *e.g.*, *Landis*, 299 U.S. at 254, and as to declaratory judgment actions in particular, *see* Fed. R. Civ. P. 57. Here, the Court should exercise its "broad discretion to control its own docket" to reject Plaintiffs' attempt to short-circuit the ordinary course of civil litigation. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012); *see also Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374 (5th Cir. 2020) ("We defer to the district court's broad discretion in managing its docket" (cleaned up)); *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) ("[A] trial court has inherent power to control the sequence in which it hears matters on its calendar.").

The federal government has 60 days to respond to a complaint. Fed. R. Civ. P. 12(a)(2). Consistent with that rule, Defendants intend to file a Motion to Dismiss for lack of subject-matter jurisdiction, pending the Supreme Court's decision in *Axon Enterprise*. The threshold question whether this Court has jurisdiction to hear Plaintiffs' claims must be resolved before turning to the substance of Plaintiffs' allegations. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))). And that threshold question cannot be resolved until the Supreme Court lends its judgment. The same reasons as described above—judicial economy, preservation of party resources, and lack of prejudice—also counsel against granting an unusually expedited briefing

schedule. Accordingly, this Court should deny Plaintiffs' Motion to Expedite.

## IV. Conclusion

Defendants respectfully request that Defendants' Motion for Stay be granted and Plaintiffs' Motion to Expedite be denied.

Dated March 7, 2022                    Respectfully submitted,

                                                  BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Director

*/s/ Cassandra Snyder*
CASSANDRA SNYDER (DC Bar # 1671667)
Trial Attorney
U. S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St., N.W.
Washington, D.C. 20005
Phone: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

<u>Certificate of Service</u>

On March 7, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ *Cassandra Snyder*</u>
Cassandra Snyder
Trial Attorney
