IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

———————————————————

| | |
|---|---|
| ROVER PIPELINE, LLC; <br> ENERGY TRANSFER LP, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, *et al.*, <br><br> Defendants. | Civil Action No. 3:22-cv-00232-S |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO LIFT THE STAY FOR LIMITED PURPOSE

Plaintiffs have opposed a motion Defendants did not file and a request for relief Defendants did not make. Defendants' Motion for Clarification or, in the Alternative, to Lift the Stay for Limited Purpose asked the Court to allow the Federal Energy Regulatory Commission's Chief Administrative Law Judge to ministerially reassign a new Administrative Law Judge (ALJ) to the administrative proceeding challenged here, as directed by the Commission's recent order. *See* Mot., ECF No. 43. Both the motion and the Commission's order expressly state that, apart from a switch in ALJs, the Court's stay would remain in place and operate as it has since it was entered. *Id.* ¶¶ 2, 6. Plaintiffs' objections to this administrative action range from premature arguments regarding the reassignment's impact on their claims to overheated complaints about the meet-and-confer process. None merits denying the motion Defendants actually filed.

1. Plaintiffs' claim that permitting reassignment "would undermine the integrity and effectiveness of the Court's stay" is wrong. *See* Opp., ECF No. 45 at 3. As an initial matter, stays do not ordinarily extend to purely administrative matters. District judge reassignments occur when litigation is stayed without issue. *See, e.g.*, *Cochran v. SEC*, No. 4:19-cv-066 (Dec. 28, 2022) (reassigning case from Judge McBryde to Judge O'Connor while litigation stayed pending Supreme Court ruling). And parties, like Plaintiffs themselves, are free to substitute counsel when district court or administrative proceedings are stayed. *See* ECF Nos. 37, 40; Request to Update Official Service Lists, Docket Nos. IN17-4, CP18-5 & IN19-4 (Apr. 17, 2023) (attached as Ex. A). ALJ reassignment is no different. In any event, the motion asks for clarification—or, alternatively, leave—to permit reassignment before it happens, Mot. ¶¶ 4-5, and no more. It specifically states that the Court's stay would otherwise remain in place and "operate on the new ALJ just as it now operates on the current ALJ," and it disclaims any attempt to have the Court address the impact of reassignment, if any, on Plaintiffs' claims. *Id.* ¶ 6.

Plaintiffs' efforts, Opp. at 13, to suggest otherwise based on the motion's statement that allowing reassignment now "would ensure that future proceedings could proceed in a more expeditious fashion" do not square with reality. According to them, the new ALJ might prepare momentous orders in secret while the stay is in place and immediately spring them upon Plaintiffs when administrative proceedings resume. *See id.* There is no basis to such assertion. The administrative proceedings in this matter are at a relatively preliminary stage and, as Plaintiffs are aware, will not resume until the participants provide notice that "the Court's stay is lifted" and they "provide jointly a proposed amended procedural schedule."

**in the Alternative, to Lift the Stay for Limited Purpose – Page 2**

ALJ Order Suspending Procedural Schedule ¶ 2, Docket No. IN19-4-000 (June 13, 2022) (attached as Ex. B). It is thus unclear what rulings the yet-to-be-assigned ALJ would supposedly prepare, and the Commission's order is unambiguous that a newly assigned ALJ would not have the power to commence proceedings until the stay is lifted or dissolved. Plaintiffs provide no support for their allegation to the contrary.

2. Plaintiffs' claim that reassignment may be unnecessary to conserve judicial and party resources (and thus should not be permitted), Opp. at 13, also does not withstand scrutiny. Plaintiffs argue that appointment ratification and case reassignment of ALJs is insufficient to remedy alleged Appointments Clause and other violations. *See, e.g.*, *id* at 13–16.[1] Given that the motion does "not ask[] the Court to decide the impact of th[e] reassignment," or any other Commission action, *see* Mot. ¶ 6, these are arguments for another day and irrelevant to the current motion.[2]

Concerns about the unnecessary expenditure of resources as a result of reassignment itself are misplaced. Most importantly, permitting reassignment will not impose any further

---

[1] As noted in the motion, the Supreme Court and the Fifth Circuit have recognized that the appropriate remedy for an Appointments Clause violation is a new hearing before a new, properly appointed adjudicator. *See* Mot. ¶ 6 (citing *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018); *Cochran v. SEC*, 20 F.4th 194, 198 n.3 (5th Cir. 2021)). Plaintiffs do not appear to dispute that but nevertheless object to efforts the Commission is trying to take that would provide them with that remedy.

[2] Plaintiffs propose supplemental briefing "on the significance of several intervening developments," including "FERC's purported ratification and proposed reassignment of ALJs." Opp. 4. Defendants have no objection to briefing these issues and, had Plaintiffs proposed doing so at any point, would have discussed appropriate scope and timing. However, given that the sole motion pending in this case is Plaintiffs' motion to expedite summary judgment briefing, ECF No. 17, Defendants respectfully suggest that these issues can be addressed in the normal course of briefing dispositive motions.

burden on the Court; when permitted, the Chief ALJ will assign another ALJ, and all else will remain as before until the stay is lifted. Plaintiffs will similarly face no additional burden. As explained above, the anticipated next step *once the stay is lifted* is for the participants to propose a schedule for any further proceedings. Nothing else is required until then, and if Plaintiffs claim they will nevertheless elect to focus on stayed administrative proceedings, that is their choice, not a result compelled by any action of the Commission. In any event, to the extent that Plaintiffs complain about re-familiarizing themselves with filings before the ALJ, it is difficult to see how that has not already been done as part of litigating this case, particularly given the presence of new counsel. As for concerns about government resources, the Commission can judge for itself whether its actions are in the Commission's interest or cost-effective.

3.     Defendants would rather not burden the Court with matters such as objections to a multi-day meet-and-confer process. But one point from Plaintiffs warrants brief response. For all Plaintiffs' complaints about a "truncated" process, *id.* at 2, 13, 19 & n.12, Plaintiffs point to no issue that further conversation or exchange of information might have resolved. Indeed, their across-the-board opposition seems to confirm that sharing a draft motion or having additional phone calls would have accomplished nothing. The government, however, is always open to discussions regarding potential ways to resolve disputes and would consider any suggested language from Plaintiffs to do so.

*     *     *

Because reassignment will not prejudice Plaintiffs, Defendants respectfully request that the Court clarify that the stay does not prohibit ALJ reassignment, or in the alternative, lift the stay for the limited purpose of allowing reassignment.

Dated: June 30, 2023                                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Cassandra Snyder*
CASSANDRA SNYDER (DC Bar # 1671667)
Trial Attorney
U. S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St., N.W.
Washington, D.C. 20005
Phone:  (202) 451-7729
Fax:     (202) 616-8460
Email:  cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

Certificate of Service

On June 30, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Cassandra Snyder*
Cassandra Snyder
Trial Attorney